MITCHELL & SHEAHAN, P.C.
Gary Phelan (CT 03670)
80 Ferry Blvd., Suite 216
Stratford, CT 06615
Tel. (203) 873-0240
Email: gphelan@mitchellandsheahan.com

TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
(Motion for Admission as Visiting Attorney To Be Filed)

*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**Case No.**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
----------------------------------------------------------X
JIE HUANG ZHENG,
*on his own behalf and on behalf of others similarly situated*

       Plaintiff,
       v.

LYDIA M.C. LLC d/b/a Lilac House; and
LC BISTRO LLC d/b/a LC Chen's;
XING CHEN, and
LIN MA

       Defendants.
----------------------------------------------------------X

  Plaintiff JIE HUANG ZHENG (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorneys, Troy Law, PLLC, and Mitchell & Sheahan, P.C., hereby bring this complaint against Defendants LYDIA M.C. LLC d/b/a Lilac House; and LC BISTRO LLC d/b/a LC Chen's and XING CHEN, and LIN MA, and alleges as follows:

**INTRODUCTION**

1.      This action is brought by the Plaintiff JIE HUANG ZHENG, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and of the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-68 *et seq.*, arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and CMWA by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime wages (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4.      Plaintiff further alleges pursuant to the Connecticut law, Connecticut General Statutes Section 31-68 *et seq.* and Connecticut Public Act 15-86 that he is entitled to recover from the Defendants: (1) double unpaid overtime compensation, (2) pre-judgment and post-judgment interest, and (3) attorney's fees and costs.

## **JURISDICTION AND VENUE**

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the the Connecticut Minimum Wage Act claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the the District of Connecticut pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. From on or about July 01, 2015 to October 31, 2015 and again from January 01, 2018 to January 17, 2018 Plaintiff JIE HUANG ZHENG was employed by Defendants to work as a fry wok at LYDIA M.C. LLC d/b/a Lilac House at 2480 Black Rock Tpke, Fairfield, CT 06825.

8. From on or about July 01, 2016 to December 31, 2017 Plaintiff JIE HUANG ZHENG was employed by Defendants to work as a fry wok at LYDIA M.C. LLC d/b/a Lilac House at 2480 Black Rock Tpke, Fairfield, CT 06825 and LC BISTRO LLC d/b/a LC Chen's at 303 Tunxis Hill Cutoff, Fairfield CT 06825.

## DEFENDANTS

*Corporate Defendants*

9. Defendant LYDIA M.C. LLC d/b/a Lilac House is a domestic business corporation organized under the laws of the State of New York with a principal address at 2480 Black Rock Tpke, Fairfield, CT 06825.

10. LYDIA M.C. LLC d/b/a Lilac House is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. LYDIA M.C. LLC d/b/a Lilac House purchased and handled goods moved in interstate commerce.

12. Defendant LC BISTRO LLC d/b/a LC Chen's is a domestic business

corporation organized under the laws of the State of New York with a principal address at 303 Tunxis Hill Cutoff, Fairfield CT 06825.

13. LC BISTRO LLC d/b/a LC Chen's is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

14. LC BISTRO LLC d/b/a LC Chen's purchased and handled goods moved in interstate commerce.

### *Owner/Operator Defendants*

15. XING CHEN known as "Boss" to Plaintiff and President of LYDIA M.C. LLC d/b/a Lilac House and Member of LC BISTRO LLC d/b/a LC Chen's, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LYDIA M.C. LLC d/b/a Lilac House; and LC BISTRO LLC d/b/a LC Chen's.

16. XING CHEN hired and fired Plaintiff during his first period of employment with Defendants.

17. XING CHEN called Plaintiff to go back to work at the beginning of his second period of employment.

18. During Plaintiff's second period of employment, in January 2018, XING CHEN re-assigned Plaintiff to work at the Lilac House from LC Chen's.

19. XING CHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, and the regulations thereunder, and is jointly and severally liable with LYDIA M.C. LLC d/b/a Lilac House; and LC BISTRO LLC d/b/a LC Chen's.

20. LIN MA, known as "Lady Boss" to Plaintiff and Registered Agent of both

LYDIA M.C. LLC d/b/a Lilac House and LC BISTRO LLC d/b/a LC Chen's, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at LYDIA M.C. LLC d/b/a Lilac House; and LC BISTRO LLC d/b/a LC Chen's.

21. Between the Boss XING CHEN and Lady Boss LIN MA, they hired and fired between thirty (30) and forty (40) individuals.

22. LIN MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, and the regulations thereunder, and is jointly and severally liable with LYDIA M.C. LLC d/b/a Lilac House; and LC BISTRO LLC d/b/a LC Chen's.

## STATEMENT OF FACTS

23. Upon information and belief, Corporate Defendants LYDIA M.C. LLC d/b/a Lilac House; and LC BISTRO LLC d/b/a LC Chen's are joint employers of Plaintiff and constitute an enterprise as the term is defined by 29 USC §203(r) insofar as the share staff, including Plaintiff, assign Plaintiff between the two locations, pay Plaintiff as the shareholders of the enterprise, are co-owned by Defendants XING CHEN and LIN MA, and are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose.

24. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

25. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the Connecticut minimum wage for each

hour worked.

26. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

27. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

28. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

29. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

### *Plaintiff JIE HUANG ZHENG*

30. From on or about July 01, 2015 to October 31, 2015 and again from January 01, 2018 to January 17, 2018 Plaintiff JIE HUANG ZHENG was employed by Defendants to work as a fry wok at LYDIA M.C. LLC d/b/a Lilac House at 2480 Black Rock Tpke, Fairfield, CT 06825.

31. From on or about July 01, 2016 to December 31, 2017 Plaintiff JIE HUANG ZHENG was employed by Defendants to work as a fry wok at LYDIA M.C. LLC d/b/a Lilac House at 2480 Black Rock Tpke, Fairfield, CT 06825 and LC BISTRO LLC d/b/a LC Chen's at 303 Tunxis Hill Cutoff, Fairfield CT 06825.

32. From on or about July 01, 2015 to October 31, 2015, Plaintiff JIE HUANG ZHENG's regular work schedule ran from from 10:40 to 22:00 for eleven and a third (11 1/3) hours a day for three (3) days on Mondays through Thursdays and thirty four (34) hours a week; 10:40 to 23:00 for twelve and a third (12 1/3) hours a day on Fridays and Saturdays for

6

two(2) days and twenty four and two third (24 2/3) hours and from 11:40 to 22:00 for ten and a third (10 1/3) hours on Sundays for a total of 69.00 hours each week.

33.     From on or about July 01, 2016 to December 31, 2017, Plaintiff JIE HUANG ZHENG's regular work schedule ran from from 10:40 to 22:00 for eleven and a third (11 1/3) hours a day for three (3) days on Mondays through Thursdays and thirty four (34) hours a week; 10:40 to 23:00 for twelve and a third (12 1/3) hours a day on Fridays and Saturdays for two(2) days and twenty four and two third (24 2/3) hours and from 11:40 to 22:00 for ten and a third (10 1/3) hours on Sundays for a total of 69 hours each week.

34.     From on or about January 01, 2018 to January 17, 2018, Plaintiff JIE HUANG ZHENG's regular work schedule ran from from 10:40 to 22:00 for eleven and a third (11 1/3) hours a day for three (3) days on Mondays through Thursdays and thirty four (34) hours a week; 10:40 to 23:00 for twelve and a third (12 1/3) hours a day on Fridays and Saturdays for two(2) days and twenty four and two third (24 2/3) hours and from 11:40 to 22:00 for ten and a third (10 1/3) hours on Sundays for a total of 69 hours each week.

35.     At all relevant times, Plaintiff JIE HUANG ZHENG did not have a fixed time for lunch or for dinner.

36.     In fact, Plaintiff JIE HUANG ZHENG had five (5) to eight (8) minutes to eat two (2) to three (3) times to eat, standing by the stove, and even then he was on call, meaning that if customer's order came, his break stopped and he had to cook.

37.     At all relevant times, Plaintiff JIE HUANG ZHENG was paid a flat compensation at a rate of around three thousand four hundred dollars ($3400.00) per month, after tax, in check and in cash.

38.     Plaintiff was paid on the first (1st) and the sixteenth (16th) day of each month.

39. At all relevant times, Plaintiff JIE HUANG ZHENG was not paid overtime pay for overtime work.

40. Throughout his employment, Plaintiff JIE HUANG ZHENG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings his Connecticut Minimum Wage Act claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

43. All said persons, including Plaintiff, are referred to herein as the "Class."

44. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by

means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

45.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

46.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a.   Whether Defendant employed Plaintiff and the Class within the meaning of the Connecticut law;

   b.   Whether Plaintiff and Class members are entitled to and paid overtime under the CMWA;

   c.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

47.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful

9

acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

### *Adequacy*

48. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

### *Superiority*

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the

Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50. Upon information and belief, Defendants and other employers throughout the state violate the CMWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

53. The FLSA provides that any employer who violates the provisions of 29

U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

54. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

55. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

57. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II.
### [CMWA Overtime Violations
### On Behalf of Plaintiff and Rule 23 Class]

59. At all relevant times, Plaintiff was employed by the Defendants within the

meaning of Conn. Gen. Stat. §31-58(f).

60. This claim is brought individually on behalf of the named plaintiff as well as on behalf of the Class.

61. Defendants willfully violated the rights of Plaintiff and all other members of the Connecticut Class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of Conn. Gen. Stat. §31-76c.

62. Defendants willfully failed to distribute records of hours worked, earnings, and overtime to the restaurant workers, in violations of Conn. Gen. Stat. §31-13a.

63. Defendants willfully failed to keep records of hours worked by the restaurant workers, in violation of Conn. Gen. Stat. §31-66.

64. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, and entitles Plaintiffs and all other members of the Connecticut Class to overtime compensation for all hours worked in excess of forty per week at one and one-half times the regular rate, penalty damages, interest, and court costs.

65. Defendants' conduct in failing to pay Plaintiffs and all other members of the Connecticut Class their overtime compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that they were entitled to be paid for all hours worked in excess of forty per week at one and one-half times the regular rate, but failed to do so. Accordingly, Plaintiffs and all other members of the Connecticut Class are entitled to compensation for all hours worked at one and one-half times the regular rate, penalty damages, attorneys' fees, and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and CMWA;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of overtime wages due under FLSA and CMWA due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment fees;

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated: Stratford, CT

        MITCHELL & SHEAHAN, P.C.
        By: __/s/_ Gary Phelan_____
        Gary Phelan (CT 03670)
        80 Ferry Blvd., Suite 216
        Stratford, CT 06615
        Tel. (203) 873-0240
        Email: gphelan@mitchellandsheahan.com

        TROY LAW, PLLC
        *Attorneys for the Plaintiff, proposed FLSA Collective and Proposed Class Plaintiffs*
        By: _____/s/ John Troy_____
        John Troy (JT0481)
        41-25 Kissena Boulevard Suite 119
        Flushing, NY 11355
        Tel: (718) 762-1324
        Email: johntroy@troypllc.com
        (Motion for Admission as Visiting Attorney to be Filed)