**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **JIE HUANG ZHENG,,** | : | |
| | : | |
| **Plaintiff,** | : | **CASE NO. 3:18-cv-01126-JAM** |
| | : | |
| **v.** | : | |
| | : | |
| **LYDIA M.C. LLC d/b/a Lilac House; and** | : | |
| **LC BISTRO LLC d/b/a LC Chen's;** | : | |
| **XING CHEN, and** | : | |
| **LIN MA,** | : | |
| | : | |
| **Defendants.** | : | **JANUARY 6, 2020** |
| | : | |

**JOINT MOTION FOR APPROVAL OF A PROPOSED**
**FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT**

Plaintiff Jie Huan Zheng ("Plaintiff") and Defendants Lydia M.C. LLC d/b/a Lilac House ("Lilac House"); LC Bistro LLC d/b/a LC Chen's ("LC Chen's"); Xing Chen, and Lin Ma (collectively, "Defendants", together with Plaintiff the "Parties") jointly submit this Motion to Approve a Proposed Fair Labor Standards Act ("FLSA") Settlement Agreement ("Settlement Agreement") to resolve the Plaintiff's claims asserted in this lawsuit under the FLSA, and the Connecticut Minimum Wage Act ("CMWA").

For the reasons that follow, the Court should approve the Agreement because it is the result of arms' length negotiations, including a settlement conference before Federal District Court Magistrate Judge Robert Spector. It is a fair and reasonable resolution of a bona fide dispute involving claims for unpaid overtime wages under the FLSA. Accordingly, the Parties respectfully request that this Court enter an order approving the settlement and dismissing the action with prejudice

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit was originally filed on July 6, 2018.  Plaintiff filed a two-count Complaint alleging two causes of action on his own behalf and on behalf of a putative collective or class; i.e., violations of the Fair Labor Standards Act predicated on an alleged failure to pay overtime (Count I); and violations of Connecticut's Minimum Wage Act predicated on an alleged failure to pay overtime (Count II).  Defendant denied all substantive allegations and asserted five affirmative defenses, including: (a) Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations; (b) Plaintiff may not recover both prejudgment interest and liquidated damages under the FLSA; (c) Plaintiff was not employed by both entities and they are not "joint employers"; and (d) Plaintiff failed to account for the agreed upon fair value of room and board provided at all times during his employment with either corporate Defendant.

On February 4, 2019, Plaintiff moved for collective certification. [ECF No. 29]. Defendants opposed Plaintiff's motion [ECF No. 32], and the Court (Meyer, J.) denied Plaintiff's motion without prejudice to renewal [ECF No. 44].  Following a limited discovery period, Plaintiff's counsel opted to advance the case as a single-plaintiff matter.  Following a status conference with the Court (Meyer, J.), the Parties were referred to mediation.

On November 4, 2019, the Parties participated in a settlement conference before the Hon. Robert M. Spector, Federal District Court Magistrate, District of Connecticut. During this settlement conference, each party presented arguments with respect to liability, differing estimates of hours worked, and evidence of good faith. As a result of this settlement conference, an agreement in principle was reached upon the recommendation of Judge Spector.

The recommended settlement amount represents a compromise between the Plaintiff and Defendants' estimates of the regular rate, the hours worked by Plaintiff, and the resultant sum due

to Plaintiff under the FLSA.  The agreed upon amount of thirty-nine thousand dollars ($39,000) takes into account the Parties' respective arguments on liability, the number of hours worked, the extent of damages, and, importantly, the benefit to both Parties of reaching resolution now rather than after significant litigation expenses and resources are expended by all Parties over a potentially lengthy litigation process.

## II.    OVERVIEW OF THE SETTLEMENT AGREEMENT

The salient terms, fully set forth in the Settlement Agreement, are summarized as follows:

- Type of Settlement: FLSA;
- Settlement Amount: Thirty-nine Thousand and 00/100 Dollars ($39,000.00);
- Attorneys' Fees and Costs: Sixteen Thousand Two Hundred and One Dollars and 99/100 ($16,201.99)
- Release: The Proposed Settlement contains a mutual release of claims.  Plaintiff's release is limited to any claims which were asserted or could have been asserted in the Lawsuit for the payment of overtime or calculation of overtime wages, and other claims related to the nonpayment or underpayment of wages under federal, state, local or common laws for the period the Plaintiff worked for the Defendants.

## III.   LEGAL STANDARD

FLSA claims can be settled in accordance with a district court-approved compromise pursuant to 29 U.S.C. § 216(b). See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015); see also Lynn's Food Stores Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). Settlement approval is within the court's discretion, which "should be exercised in light of the general judicial policy favoring settlement." In re Sumitomo Copper Litig., 189 F.R.D. 274, 280 (S.D.N.Y 1999) (quoting In re Paine Webber Ltd. Partnerships Litig., 171 F.R.D. 104, 124 (S.D.N.Y.), aff'd, 117 F.3d 721 (2d Cir. 1997)).

A district court may approve a proposed FLSA settlement if it determines that the compromise reached "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions" rather than "a mere waiver of statutory rights brought about by an employer's

overreaching." <u>Lynn's Food</u>, 679 F.2d at 1354; <u>see also</u> <u>Dixon v. Zabka</u>, 2013 WL 2391473, *5 (D. Conn. May 23, 2013) ("If the proposed settlement reflects a reasonable compromise over contested issues, it should be approved.") (<u>citing</u> <u>Aros v. United Rentals, Inc.</u>, 2012 WL 3060470 (D. Conn. July 26, 2012)). A settlement's fairness is determined by looking at both the settlement's terms and the negotiating process leading to settlement. <u>D'Amato v. Deutsche Bank</u>, 236 F.3d 78, 85 (2d Cir. 2001) (citation omitted).

## IV.    ARGUMENT

### A.    This Court should approve the proposed settlement because there is a *bona fide* dispute.

"The first step in analyzing the settlement agreement is determining whether there are FLSA issues that are 'actually in dispute.'" <u>Rivera v. Dixson</u>, 2015 WL 427031, at *2 (D. Md. Jan. 29, 2015).

Nearly every factual and legal issue is hotly disputed in this case. By way of example, Plaintiff claims that he worked approximately sixty-nine (69) hours on average each week from July 06, 2015 to January 17, 2018; and he was paid Three Thousand Seven Hundred Thirteen Dollars ($3,713.00) per month from July 06, 2015 to January 17, 2018.

Defendants counter, and Plaintiff's deposition testimony confirms, that Plaintiff did not in fact work for any of the Defendants in 2015, and that Plaintiff worked far fewer than sixty-nine hours per week when meal and rest breaks are factored in. Moreover, Defendants assert that they are entitled to a credit for meals and lodging, a claim Plaintiff denies.

In the course of Settlement Conference negotiations on November 4, 2019, prior to making his recommendation for a settlement number, Judge Spector assisted the parties in considering these arguments, as well as arguments concerning liability, arguments on what a jury would reasonably estimate hours worked should the Plaintiff prevail on liability, and evidence of good

faith. Accordingly, it is well established that there has been a *bona fide* dispute of FLSA and CMWA issues in this case.

### B.    The proposed settlement is fair and reasonable.

First, the Settlement Agreement is entitled to a presumption that it is fair and reasonable because it is the result of arms-length negotiations. See, e.g., Macedonia Church v. Lancaster Hotel, LP, 2011 WL 2360138, at *10 (D. Conn. June 9, 2011), at *10 (courts note that there is a "strong presumption" in finding a settlement fair if it has been negotiated at arms-length.). Here, the Parties reached the Settlement Agreement after a settlement conference before District of Connecticut Federal District Court Magistrate Judge Robert Spector.

During these settlement negotiations, both the Plaintiff and Defendants were represented by legal counsel experienced in employment matters. Under these circumstances, including an arms' length negotiation assisted by a Federal District Court Magistrate Judge, the strong presumption of fairness and reasonableness of the Settlement Agreement applies. See Castagna v. Madison Square Garden, L.P., 2011 WL 2208614, at *4 (S.D.N.Y. June 7, 2011) ("Arm's-length negotiations involving counsel and a mediator raise a presumption that the settlement they achieved meets the requirements of due process.").

Second, the Settlement Agreement is reasonable because the releases contemplated by the proposed settlement are limited to unpaid overtime and wages claims and are not overly broad. This also supports a finding that the settlement is fair and reasonable. See Cheeks, 796 F.3d at 206. In cases such as these, it is common for a settlement to release only those wage and hour claims brought before the court rather than require the individuals to sign a general release. See Davis v. J.P. Morgan Chase, 827 F. Supp. 2d 172, 180-81 (W.D.N.Y. 2011).

Third, the settlement agreement is reasonable because it does not contain the type of onerous non-monetary terms that the Second Circuit pointed out as objectionable in <u>Cheeks</u>. <u>See</u> <u>Cheeks</u>, 796 F.3d at 206 (2d Cir. 2015).

Liability will also be hotly contested as is clear from the several defenses Defendant has asserted. Under these circumstances, the Court may reasonably conclude that continued litigation of the case will be so lengthy, complex and expensive as to weigh in favor of approving the settlement. Moreover, in cases like this one, where Defendant vigorously contends that establishing liability is "no sure thing" for plaintiffs, the risks of proceeding with litigation weigh in favor of settlement. <u>See</u> <u>Wal-Mart Stores v. Visa U.S.A. Inc.</u>, 396 F.3d 96, at 118-19 (2d Cir. 2005).

Although the Parties believe that both the material facts and relevant law support their claims, they recognize the uncertainty of the outcome of this litigation, the defenses that will be asserted, and the anticipated duration and expense of litigation of this case through discovery, pre-trial motions, trial, and any appeals. When the terms of the proposed settlement are considered within a "risk/reward" analytical framework, the Parties believe that the proposed Settlement Agreement is demonstrably fair, adequate and reasonable, and should therefore be approved by this Court.

### C.     The Proposed Attorneys' Fees Are Reasonable

The FLSA explicitly provides that "[t]he court in [an FLSA] action shall . . . allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). Further, courts recognize that availability of attorneys' fees under the FLSA is essential to motivate legal counsel to represent individuals who are owed wages, especially in instances in which the plaintiffs' recovery may be small. <u>See, e.g.</u>, <u>Estrella v. P.R. Painting Corp.</u>,

596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (noting that "courts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery" and observing that FLSA fee-recovery provisions "were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements").

Under the Settlement Agreement, Defendants will provide Plaintiff with a settlement payment in the amount of Thirty-Nine Thousand Dollars ($39,000.00). The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand Three Dollars And 32/100 ($1,003.32). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Thirty-Seven Thousand Nine Hundred Ninety-Six Dollars And 68/100 ($37,996.68).

Of the Net Settlement Amount, Forty Percent (40%) or Fifteen Thousand One Hundred Ninety Eight Dollars and 62/100 ($15,198.62), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Three Dollars And 32/100 ($1,003.32) for a total of Sixteen Thousand Two Hundred one Dollars and 99/100 ($16,201.99). Of the Net Settlement Amount, Sixty Percent (60%), or Twenty Two Seven Hundred Ninety Nine and 81/100 ($22,799.81) is due to Plaintiff.  In this calculation, Troy Law, PLLC has shouldered Forty Percent (40%) of all out-of-pocket expenses.

The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover Forty Percent (40%) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seeks Forty Percent (40%) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered Forty Percent (40%) of all out-of-pocket expenses, while Plaintiff has shouldered Sixty Percent (60%) of all out-

of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 2).

## V.    CONCLUSION

As discussed above, the proposed settlement resolves bona fide disputes over unpaid wages under the FLSA. Further, the proposed settlement is fair and reasonable as it is the product of arms-length negotiations between experienced legal counsel achieved with the assistance of a United States District Court Magistrate Judge. Moreover, the proposed settlement achieves immediate recovery for the Plaintiff, and avoids the prospect of a costly and lengthy trial.  Accordingly, this Court should approve the Settlement Agreement.

RESPECTFULLY SUBMITTED,

TROY LAW, PLLC                              WIGGIN AND DANA LLP
*Attorneys for the Plaintiff*                   *Attorneys for Defendants*


By: _/s/ *John Troy*_____    __/s/ *Mary A. Gambardella*_____
John Troy                                   Mary A. Gambardella, Esq.
41-25 Kissena Blvd., Suite 119              265 Church Street, P.O. Box 1832
Flushing, NY 11355                          New Haven, Connecticut 06508
Tel: 718 762 1324                           Tel: (203) 498-4382

27580\1\4840-8052-8048.v1

8